IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STEVEN D. MILLER, | § | |
| | § | No. 165, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0801008964 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 21, 2017
Decided: September 22, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**ORDER**

This 22nd day of September 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1) In 2008, the appellant, Steven D. Miller, pled guilty to charges of rape second degree (as a lesser-included offense of rape first degree) and possession of a deadly weapon during the commission of a felony. As part of the plea agreement, the State entered a *nolle prosequi* on additional counts of possessing a deadly weapon during the commission of a felony and on charges of kidnapping first degree and aggravated assault, among others.

(2) This appeal is from the Superior Court's order dated March 14, 2017, summarily dismissing Miller's second motion for postconviction relief under Superior Court Criminal Rule 61.[1] The appellee, State of Delaware, has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Miller's opening brief that the appeal is without merit.

(3) The Superior Court dismissed Miller's postconviction motion because the motion was successive, untimely, and did not satisfy certain pleading requirements in Rule 61. We agree with the Superior Court's decision and further conclude that dismissal was appropriate because Rule 61 allows a second or subsequent postconviction motion only when the motion is filed *after a trial*.[2] In this case, Miller's second motion for postconviction relief was filed after a guilty plea, not a trial.[3]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Justice

---

[1] *State v. Miller*, 2017 WL 1040704 (Del. Super. Mar. 14, 2017).

[2] *See* Del. Super. Ct. Crim. R. 61(d)(2) (emphasis added).

[3] *See Morgan v. State*, 2016 WL 6872972 (Del. Nov. 21, 2016) ("The motion was subject to summary dismissal because it was the appellant's second motion for postconviction relief following his 2011 guilty plea."); *Martinez v. State*, 2016 WL 721803 (Del. Feb. 23, 2016) ("The motion was subject to summary dismissal under Superior Court Criminal Rule 61 because it was the appellant's second motion for postconviction relief after he pled guilty.").

2